UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASALLE BANK NATIONAL ASSOCIATION,<br><br>          Plaintiff,<br><br>v.<br><br>JESSICA PARAFINA REFUERZO,<br><br>          Defendant. | Civil No. 08cv852 L(WMc)<br><br>**ORDER REMANDING THIS CASE TO THE SUPERIOR COURT and CLOSING THIS ACTION** |

On May 13, 2008, defendant[1] Jessica Parafino Refuerzo ("Refuerzo") filed a notice of removal from the State of California, Superior Court for the County of San Diego. The state court complaint alleges a claim against Refuerzo[2] for "unlawful detainer against occupants holding over after a nonjudicial sale under power of sale in deed of trust" under California Code of Procedure §§ 1166, 1177. Plaintiff sought and was granted an order that the summons be served by positing on premises and mailing. (Order filed March 5, 2008, attached to notice of removal). Refuerzo filed an answer to the unlawful detainer complaint on March 10, 2008.

---

[1] Refuerzo refers to herself as "Petitioner/Respondent" but she is named as a defendant in the San Diego Superior Court case 37-2008-00033385-CL-UD-ED. *See* Refuerzo's attachment to the notice of removal. Further, only defendants may remove a matter from state court to the federal district court. *See* 28 U.S.C. § 1446(a).

[2] The complaint filed in state court also named Dandy Ordonia Refuerzo as a defendant but he has not joined in the notice of removal.

(Answer, attached to notice of removal).

Having reviewed Refuerzo's notice of removal, the Court finds it does not have subject matter jurisdiction over this action and the removal is procedurally defective. The Court therefore will remand the case to the San Diego County Superior Court.

**1.   Lack of Subject Matter Jurisdiction**

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11, 103 S. Ct. 2841 (1983). A federal court has jurisdiction over an action involving citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be

initiated in or removed to federal district court ..." *Franchise Tax Bd.*, 463 U.S. at 9-10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

In the notice of removal, Refuerzo states "the complaint pled alleges claims 'arising under' federal law." (Notice of removal at 1). It does not. Plaintiff in the state court action set forth a single cause of action for unlawful detainer – a claim that arises exclusively under state law. Therefore, this Court does not have subject matter jurisdiction on the basis of federal question.

It is unclear whether Refuerzo is attempting to remove her case based on diversity jurisdiction. As noted above, a federal court has jurisdiction over an action involving citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The diversity statute must be strictly construed. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983). The party seeking to invoke the court's diversity jurisdiction bears the burden of establishing that jurisdiction exists. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Refuerzo states that she is "presumed a Citizen of the United States," and she "dwells in, and is a Citizen of California; not a Corporation, Citizen of the United States, not a Federal Agent or entity." (Notice of removal at 1). But her notice of removal is devoid of any statement concerning the citizenship of plaintiff. Refuerzo has not established diversity jurisdiction.

Plaintiff has not shown that the state court action could have originally been brought in federal court; therefore, the Court must remand this action.

**2.    Notice of Removal**

Even if the Court had subject matter jurisdiction over the state court action, which it does not, the Court would remand based upon defendant's failure to comply with the procedural requirements of removal.

As set forth in 28 U.S.C. § 1446(b), a defendant must remove an action "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. 1446(b). "Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1266 (9th Cir. 1999); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). Other exceptions to the unanimity rule are for doe defendants and unserved defendants. 28 U.S.C. § 1441(a); *Riggs v. Plaid Pantries, Inc.*, 233 F.Supp. 2d 1260, 1264 (D. Or. 2001). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal." *Prize Frize*, 167 F.3d at 1266. "Failure to comply with the thirty-day time limitation or the unanimity requirement renders the removal procedurally defective." *Ford*, 857 F. Supp. at 708. Defects in removal may only be cured within the 30 day statutory period. *Prize Frize*, 167 F.3d at 1266; c*f. Parrino*, 146 F.3d at 703 n.1 (noting that district courts must enforce the procedural requirements for removal).

Here, Refuerzo was served on or about March 5, 2008. The Court notes Refuerzo filed an answer to the complaint in state court on March 10, 2008. In order to timely remove the case, Refuerzo was required to have removed the action no later than 30 days after service of the summons and complaint. Even assuming Refuerzo was not served until March 10, 2008, the 30-day period for removal expired April 9, 2008. Moreover, Refuerzo acknowledges that "[i]t has been more than 30 (thirty) days since the filing and commencement of the state court . . . . ." (Notice of removal at 2) It is without question that defendant's notice of removal filed May 13, 2008 is untimely and removal is procedurally defective.

Further, as noted above, only defendant Refuerzo filed a notice of removal. Defendant in the state court action, Dandy Ordonia Refuerzo, did not join or consent to the removal notice. "Where fewer than all the defendants have joined in a removal action, the removing party has

the burden under section 1446(a) to explain affirmatively the absence of any co-defnedants in the notice for removal." *Id.* Here, the removing party, Refuerzo, has not done so.

Based on the procedural deficiencies in the removal of this case, remand of the action to the state court is required.

### 3.  Conclusion

Having carefully reviewed the notice of removal and the accompanying documents, the Court finds and concludes that it does not have subject matter jurisdiction over this action and the removal is procedurally defective.

Accordingly, the above captioned case is **REMANDED** to the Superior Court for the County of San Diego, case no. 37-2008-00033385-CL-UD-SC.  The Clerk of the Court is directed to return the case to the state court forthwith and to close this action.

**IT IS SO ORDERED.**

DATED: May 14, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON.  WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL